**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL B. STOKER, | No.    21-55993 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00733-JAK-E |
| v. | |
| UNITED STATES OF AMERICA; | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| ANDREW R. WHEELER; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted June 13, 2022[**]
Pasadena, California

Before:  RAWLINSON, CHRISTEN, and KOH, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiff Michael Stoker (Stoker) appeals the district court's order substituting the United States for individual defendants on the grounds that they were acting within the "course and scope of their employment" pursuant to 28 U.S.C. § 2679(d).  The district court subsequently dismissed Stoker's complaint because the United States has not waived sovereign immunity for defamation suits pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2680(h).  Stoker argues: (1) the district court denied his right to Due Process by failing to grant him discovery or an evidentiary hearing; (2) Stoker was entitled to have a jury decide the "course and scope" issue; and (3) defendants acted outside the scope of their employment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.  Because the parties are familiar with the facts, we recite only those necessary to decide this appeal.

1)      Stoker argues the district court erred by holding that defendants did not act outside the scope of their employment when they issued an allegedly defamatory statement on February 6th at 9:00 pm ET.  Stoker contends the statement fell outside the course and scope of employment because defendants "maliciously and knowingly" made false public statements about him after he was no longer an employee, none of which was in step with the general procedures of the Environmental Protection Agency ("EPA") for terminating employees.

2

Under the Westfall Act, "scope of employment" is determined by state respondeat superior law in the state where the tort occurred. *Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 876 (9th Cir. 1992). In California, an employee acts within the scope of employment when: (1) the challenged act was required by or broadly incidental to the employee's duties; or (2) the employer reasonably could have foreseen the employee's conduct. *Sunderland v. Lockheed Martin Aeronautical Sys. Supp. Co*., 130 Cal. App. 4th 1, 9 (2005). Employee activity falls within the course and scope of employment when, in the context of the particular enterprise, an employee's conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among other costs of the employer's business. *Farmers Ins. Group v. County of Santa Clara*, 11 Cal. 4th 992, 1003 (1995).

On the facts of this case, we conclude defendants' actions fell within the course and scope of their employment because the February 6th statement concerned the circumstances surrounding Stoker's firing and their reasons for it, and issuing press releases about EPA's change in leadership was within the scope of their duties. *See Sanborn v. Chronicle Pub. Co*., 18 Cal. 3d 406, 410–11 (1976) (holding employee's response to a press inquiry was within the scope of his employment). The timing and content of the statement was not typical, but

defendants' press release was issued in the wake of Stoker's "All Hands" email that was publicly disseminated.

2) Stoker further argues the district court erred by failing to allow limited discovery as to whether defendants' conduct exceeded the scope of their employment. Limited discovery is permitted in a Westfall Act case when a plaintiff alleges sufficient facts that, taken as true, would establish the defendant's actions exceeded the scope of their employment. *Saleh v. Bush*, 848 F.3d 880, 892 (9th Cir. 2017) (citing *Wuterich v. Murtha*, 562 F.3d 375, 381 (D.C. Cir. 2009)). Because Stoker has not made such a showing here, we conclude the district court did not err by declining to give Stoker the opportunity to conduct limited discovery.

Additionally, Stoker contends the district court violated his Due Process rights by failing to give him the opportunity to develop his claims through discovery or a hearing. However, whether to grant discovery or an evidentiary hearing to resolve a Westfall Act certification challenge is a discretionary matter for the district court's determination. *Saleh*, 848 F.3d at 892. Stoker was not entitled to discovery or a hearing as a matter of right and the district court did not abuse its discretion in declining to allow discovery, given the nature of Stoker's allegations. We conclude there was no due process violation.

3)	Finally, Stoker argues he was entitled to a jury's determination of whether defendants' actions fell within the "course and scope" of their employment.  But actions against the United States ordinarily "shall be tried by the court without a jury," 28 U.S.C. § 2402, and, upon scope-of-employment certification, an "action is deemed to be . . . brought against the United States . . . unless and until the district court determines that the federal officer originally named as defendant was acting outside the scope of his employment." *Osborn v. Haley*, 549 U.S. 225, 252 (2007).  We thus conclude the district court did not err by deciding the "course and scope" issue without a jury trial.  We affirm the district court's substitution of the United States and dismissal of Stoker's complaint.

**AFFIRMED.**